# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLAYTON BAKER, | ) |
| Plaintiff, | ) Case No. 2:12-cv-00301-GMN-CWH |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's Unopposed Motion to Stay (#6), filed June 7, 2012. By way of this motion, Defendant requests that the Court stay discovery pending resolution of Defendant's motion to dismiss (#5).

As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery when a dispositive motion is pending. The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing

why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.

Currently pending before the Court are two dispositive motions. Defendant's motion to dismiss (#5) requests that Plaintiff's complaint be dismissed pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for failure to allege sufficient facts. Defendant's motion to dismiss (#11) requests that Plaintiff's complaint be dismissed because this Court lacks jurisdiction under *Feres v. United States*, 340 U.S. 135 (1950). Consistent with *Tradebay*, the undersigned has taken a "preliminary peek" at the pending motions to aid in the determination of whether a stay of discovery is appropriate.

**1. Defendant's Motion to Dismiss (#5)**

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l. v. Ariz. Corp. Comm'n.,* 720 F.2d 578, 581 (9th Cir.1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Twombly,* 550 U.S. at 555. In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). The court, however, is not required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A complaint must do more than set forth "'naked assertions' devoid of 'further factual enhancement.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

     "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir.1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *See Centeno v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 3730528 (D. Nev.) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (concluding that *Branch* is "no longer good law to the extent that [it] require[s] heightened pleading of improper motive in constitutional tort cases.")). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir.2001).

     Standing alone, Plaintiff's complaint does appear to lack the specificity required under *Iqbal* and *Twombley*. The complaint is populated by legal conclusions untethered to any specific facts. The only affirmatively pled fact attributable to Defendant United States is that the alleged negligent behavior occurred on May 26, 2009. All other allegations appear to fall into the category of formulaic recitations devoid of any factual enhancement. However, Plaintiff does reference two documents in the complaint - the final denial of Plaintiff's administrative claim to the Air Force

1   Legal Operations Agency and the certification made in accordance with 28 U.S.C. § 2679 by
2   United States Attorney Daniel Bogden.  *See* Pl.'s Compl. at ¶¶ 4, 14.
3       Plaintiff has attached to his response (#8) a copy of the accident report taken at the time of
4   the alleged accident and the certification made by United States Attorney Daniel Bogden.  Contrary
5   to Defendant's assertion in its reply (#9), the Court may consider material referenced in, but not
6   attached to, a Plaintiff's complaint in ruling on a 12(b)(6) motion.  *See supra*, *Centeno*, 2012 WL
7   3730528 (D. Nev.) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)).  Because Plaintiff
8   did not reference the accident report in his complaint, the undersigned will not consider it in
9   determining whether a stay is appropriate.  The Court has reviewed the certification from United
10  States Attorney Daniel Bogden and concludes that there appears to be nothing in the certification
11  itself that provides the factual enhancement necessary to save Plaintiff's complaint from dismissal
12  under Rule 12(b)(6).
13      Defendant's motion (#5), however, appears to truly be a triumph of form over substance.
14  Defendant clearly has knowledge of the facts underlying Plaintiff's claim.  Indeed, in its reply (#9)
15  Defendant provides example language that it feels would have sufficed under the *Twomby* standard.
16  The sample language includes the very facts for which Defendant claims insufficient notice.  This
17  leads directly to the question any court must address after granting a motion to dismiss - whether
18  leave to amend is appropriate.  In *Centeno* the Court stated: "If the court grants a motion to dismiss,
19  it must then decide whether to grant leave to amend. The court should 'freely give' leave to amend
20  when there is no 'undue delay, bad faith[,] dilatory motive on the part of the movant ... undue
21  prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment....'
22  Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).
23  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint
24  cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th
25  Cir.1992)."  By defense counsel's own admission, any factual deficiencies in the complaint can,
26  quite easily, be cured by amendment.  Thus, the Court finds that Defendant's motion (#5) does not
27  provide adequate grounds for the requested stay.
28

**2. Defendant's Motion to Dismiss (#11)**

By way of this motion, Defendant requests that the Court dismiss Plaintiff's complaint with prejudice because the Court does not have subject-matter jurisdiction under the *Feres* doctrine. The Ninth Circuit discussed the *Feres* doctrine in *McConnell v. United States*, 478 F.3d 1092 (9th Cir. 2007). Generally speaking, "[t]he Federal Tort Claims Act ("FTCA") is a waiver of the federal government's sovereign immunity." *Id*. at 1094-95. However, in *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court held that the United States is not liable for injuries that "arise out of or are in the course of activity incident to service." *Id*. The *Feres* doctrine is a broad exception and the source of significant criticism. *Id*. at 1095.

The Ninth Circuit has outlined four facts for consideration in determining whether the *Feres* doctrine applies: (1) the place where the negligent act occurred; (2) the duty status of the plaintiff when the negligent act occurred; (3) the benefits accruing to the plaintiff because of his status as a service member; and (4) the nature of the plaintiff's activities at the time the negligent act occurred. *Costo v. United States*, 248 F.3d 863, 867 (9th Cir. 2001). None of the factors is dispositive. *Id*. (citing *Dreier v. United States*, 106 F.3 844, 852 (9th Cir. 1996). At a minimum, application of these four factors supports a stay of discovery.

The alleged incident occurred entirely on Nellis Air Force Base. The involved parties were both on active duty at the time of the accident. Plaintiff and the alleged negligent party were both on active duty at the time of the incident. *See Estate of McAllister v. United States*, 942 F.2d 1473, 1475 (9th Cir. 1991) (the common fact underlying many cases applying the *Feres* doctrine is that the claimant, while on active duty and not on furlough, sustained injury due to the negligence of others in the armed forces). By virtue of his active duty status, it appears Plaintiff was entitled to full medical coverage and the injuries conceivably may entitle Plaintiff for disability and Veteran's Administration Benefits. Reluctantly, courts have acknowledged the availability of these benefits as sufficient to support invocation of the *Feres* doctrine. *See Costo*, 248 F.3d at 867 (citing *United States v. Johnson*, 481 U.S. 681, 690-91 (1987).

Given the foregoing, the Court finds that a stay of discovery is appropriate until Defendant's motion to dismiss (#11) is resolved.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#6) is **granted**.

DATED this 24th day of September, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge