1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CLAYTON BAKER, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:12-cv-00301-GMN-CWH |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| UNITED STATES OF AMERICA, ) | Defendant's Motion (#5) and (#11) |
| ) | |
| Defendant. ) | |
| _____ ) | |

13
14
15
16

        This matter was referred to the undersigned on Defendant's Motion to Dismiss (#5), filed
May 31, 2012; Plaintiff's Response (#8), filed on June 18, 2012; and Defendant's Reply (#9), filed
June 27, 2012.  Also referred to the undersigned is Defendant's Motion to Dismiss (#11), filed
September 19, 2012.  It is unopposed.

17

**1.  Defendant's Motion to Dismiss (#5)**

18
19
20
21
22
23
24
25
26
27
28

        Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the
claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
what the ... claim is and the grounds upon which it rests."  *Conley v. Gibson,* 355 U.S. 41, 47
(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
12(b)(6) tests the complaint's sufficiency.  *See N. Star Int'l. v. Ariz. Corp. Comm'n.,* 720 F.2d 578,
581 (9th Cir.1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a
claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a
legally cognizable claim and the grounds on which it rests.  *See Twombly,* 550 U.S. at 555. In
considering whether the complaint is sufficient to state a claim, the court will take all material
allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc.
v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). The court, however, is not required to accept as true

1    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

2    *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). A formulaic recitation of

3    a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing

4    that a violation is plausible, not just possible. *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at

5    555).  A complaint must do more than set forth "'naked assertions' devoid of 'further factual

6    enhancement.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

7         "Generally, a district court may not consider any material beyond the pleadings in ruling on

8    a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint

9    may be considered on a motion to dismiss."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896

10   F.2d 1542, 1555 n.19 (9th Cir.1990) (citation omitted).  Similarly, "documents whose contents are

11   alleged in a complaint and whose authenticity no party questions, but which are not physically

12   attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

13   converting the motion to dismiss into a motion for summary judgment. *See Centeno v. Mortgage*

14   *Electronic Registration Systems, Inc.*, 2012 WL 3730528 (D. Nev.) (citing *Branch v. Tunnell*, 14

15   F.3d 449, 454 (9th Cir.1994) *overruled on other grounds by Galbraith v. County of Santa Clara*,

16   307 F.3d 1119, 1125 (9th Cir. 2002) (concluding that *Branch* is "no longer good law to the extent

17   that [it] require[s] heightened pleading of improper motive in constitutional tort cases.")).

18   Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of

19   public record." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986). Otherwise,

20   if the district court considers materials outside of the pleadings, the motion to dismiss is converted

21   into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d

22   912, 925 (9th Cir.2001).

23        Standing alone, Plaintiff's complaint lacks the specificity required under *Iqbal* and

24   *Twombley*.  The complaint is populated by legal conclusions untethered to any specific facts.  The

25   only affirmatively pled fact attributable to Defendant United States is that the alleged negligent

26   behavior occurred on May 26, 2009.  All other allegations fall into the category of formulaic

27   recitations devoid of any factual enhancement.

28        Plaintiff does reference two documents in the complaint - the final denial of Plaintiff's

1  administrative claim to the Air Force Legal Operations Agency and the certification made in

2  accordance with 28 U.S.C. § 2679 by United States Attorney Daniel Bogden.  *See* Pl.'s Compl. at

3  ¶¶ 4, 14.  Contrary to Defendant's assertion in its reply (#9), the Court may consider material

4  referenced in, but not attached to, a Plaintiff's complaint in ruling on a 12(b)(6) motion.  *See supra*,

5  *Centeno*, 2012 WL 3730528 (D. Nev.) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994)).

6  Plaintiff has attached to his response (#8) a copy of the accident report taken at the time of the

7  alleged accident and the certification made by United States Attorney Daniel Bogden.  Because

8  Plaintiff did not reference the accident report in his complaint and, therefore, it will not be

9  considered.  Further, the Court finds that there is nothing in the certification from United States

10  Attorney Daniel Bogden that provides the factual enhancement necessary to save Plaintiff's

11  complaint from dismissal under Rule 12(b)(6).[1]

12       Normally, the next question would be whether leave to amend is appropriate.  Were this the

13  only motion before the Court, there is little doubt leave to amend would be appropriate.  *See* Order

14  (#12) at 4:13-27. However, because the undersigned will recommend that Defendant's motion

15  (#11) be granted and the case dismissed for lack of jurisdiction, there is no need for an amended

16  complaint.

17  **2.  Defendant's Motion to Dismiss (#11)**

18       By way of this motion, Defendant requests that Plaintiff's complaint be dismissed with

19  prejudice because this Court does not have subject-matter jurisdiction under the *Feres* doctrine.

20  Plaintiff did not oppose the motion.  Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing

21  party to file points and authorities in response to any motion shall constitute a consent to the

22  granting of the motion."  Plaintiff's failure to oppose the motion is, standing alone, sufficient

23  grounds for dismissal.  Dismissal is also appropriate on the merits of the motion.

24       Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under Rule

26       [1]  As noted in the Court's order on Defendant's motion to stay, this is truly a triumph of form over
27  substance.  *See* Order (#12).  Defendant clearly has knowledge of the facts underlying Plaintiff's claim and even
    provided example language that it feels would have sufficed under the *Twomby* standard. The sample language
28  includes the very facts for which Defendant claims insufficient notice.

12(b)(1).   A motion under Rule 12(b)(1) may be raised at any time.  *See* Fed. R. Civ. P. 12(h)(3); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Plaintiff has the burden of proving that subject matter jurisdiction exists.  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted).  A Rule 12(b)(1) motion may be facial or factual.  *Id*. (citations omitted).  In a facial challenge, the movant attacks the sufficiency of the pleadings supporting subject matter jurisdiction.  *Frasure v. United States*, 256 F.Supp.2d 1180, 1184 (D. Nev. 2003) (citations omitted).  In a factual attack, the movant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039.

Plaintiff's action is brought under the Federal Tort Claims Act ("FTCA").  Broadly speaking, the FTCA is a waiver of the federal government's sovereign immunity.  *McConnell v. United States*, 478 F.3d 1092, 1094-95 (9th Cir. 2007).  However, in *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court held that the United States is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service."  *Feres*, 340 U.S. 146.   This broad exception has been labeled "the *Feres* doctrine" and is the source of significant criticism. *McConnel*, 478 F.3d at 1095.

Despite the criticism, motions to dismiss made pursuant to the *Feres* doctrine are considered under Rule 12(b)(1).  *E.g.*, *Carter v. United States*, 182 F.3d 924 (9th Cir. 1999).  Whether the Feres doctrine bars an FTCA claim is a question of law.  *Jackson v. United States*, 110 F.3d 1484, 1486 (9th Cir. 1997).  Reluctantly, the *Feres* doctrine has been interpreted broadly. *Bowen v. Oistead*, 125 F.3d 800, 803 (9th Cir. 1997).  "[P]ractically any suit that 'implicates the military judgments and decisions' ... runs the risk of colliding with *Feres*."  *Id*. (citing *Persons v. United States*, 925 F.2d 292, 295 (9th Cir. 1991)).  The Ninth Circuit has surmised that "the *Feres* doctrine is applicable 'whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States.'" *Bowen*, 125 F.3d at 804 (citing *Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir. 1997)).

Most recently, the Ninth Circuit discussed the *Feres* doctrine in *McConnell v. United States*, 478 F.3d 1092 (9th Cir. 2007).  In *McConnell*, the Ninth Circuit identified the three underlying

4

policy rationales for the *Feres* doctrine: (1) the distinctly federal nature of the relationship between the United States and the members of the armed forces; (2) the generous compensation scheme for soldiers that serves as an ample alternative to tort recovery; and (3) the need to preserve the integrity of military discipline. *Id.*, 478 F.3d at 1095 (citing *Costo v. United States*, 248 F.3d 863, 866 (9th Cir. 2001)).[2]

In determining whether the *Feres* doctrine applies, the Ninth Circuit has identified four factors for consideration: (1) the place where the negligent act occurred; (2) the duty status of the plaintiff when the negligent act occurred; (3) the benefits accruing to the plaintiff because of his status as a service member; and (4) the nature of the plaintiff's activities at the time the negligent act occurred. *Costo v. United States*, 248 F.3d 863, 867 (9th Cir. 2001). None of the factors is dispositive. *Id.* (citing *Dreier v. United States*, 106 F.3 844, 852 (9th Cir. 1996). Application of the four factors to the particular facts in this case supports the determination that the *Feres* doctrine applies and, therefore, that this court does not have subject matter jurisdiction in this matter.

In considering where the negligent act occurred, the Court considers the "situs of the negligence." *Costo*, 248 F.3d at 868. The unrebutted evidence submitted by Defendant shows that the alleged negligence occurred entirely on Nellis Air Force Base. *See* Cabuhut Decl. attached as Ex. 3 to Def.'s Mot. (#11); *see also* Ex. 1-A attached to Pl.'s Resp. (#8). The unrebutted evidence further shows that both the Plaintiff and the allegedly negligent driver of the vehicle were on active duty at the time of the incident. *See* Ex. 1 and Ex. 2 attached to Def.'s Mot. (#11); *Estate of McAllister v. United States*, 942 F.2d 1473, 1475 (9th Cir. 1991) (the common fact underlying many cases applying the *Feres* doctrine is that the claimant, while on active duty and not on furlough, sustained injury due to the negligence of others in the armed forces). Plaintiff has submitted no evidence to rebut the allegation that, by virtue of his active duty status, he was entitled to full medical coverage and may be entitled to disability and Veteran's Administration Benefits as a result of the injuries incurred. Reluctantly, courts have acknowledged the availability

---

[2] An outline of the criticism of these rationales is set forth in the Ninth Circuit's opinion in *Costo*, 248 F.3d at 866-67.

5

of these benefits as sufficient to support invocation of the *Feres* doctrine. *See Costo*, 248 F.3d at 867 (citing *United States v. Johnson*, 481 U.S. 681, 690-91 (1987). Finally, the unrebutted evidence shows that both Plaintiff and the allegedly negligent driver were on active duty during work hours at the time of the incident.

## CONCLUSION

Regardless of the merits of the *Feres* doctrine or persuasiveness of its rationales, there is no doubt it provides a broad blanket of immunity to protect the government against allegations of negligence in military contexts. Considering all of the requisite factors, it is clear that the *Feres* doctrine applies in this case. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (#5) be **granted without leave to amend**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss (#11) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of October, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge

6